UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHAN DAVIS,

    Applicant,

v.                                 CASE NO. 8:16-cv-3358-T-23JSS

SECRETARY, Department of Corrections,

    Respondent.
                                     /

## **O R D E R**

Davis applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of his state convictions for both (1) burglary of a conveyance with an battery and while in possession of a firearm and (2) robbery with a firearm, for which he is imprisoned for twenty years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 6) The respondent correctly argues that the application is time-barred.

Under the Anti-Terrorism and Effective Death Penalty Act, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Davis's conviction was final on September 27, 2012,[1] and the limitation expired one year later, absent tolling for a state post-conviction proceeding. Davis let 186 days elapse before filing a state Rule 3.850 motion for post-conviction relief. (Respondent's Exhibit 4) Tolling continued until January 3, 2014, upon the expiration of the time to appeal the denial of his motion for post-conviction relief. (Respondent's Exhibit 9) Davis had 179 days remaining (365 − 186 = 179). Consequently, Davis's federal one-year deadline was July 1, 2014 (January 3, 2014 + 179 days = July 1, 2014). Davis dated his federal application December 1, 2016.

Davis asserts entitlement to equitable tolling. The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). Davis must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement —

---

[1] Davis's direct appeal concluded on June 29, 2012. (Respondent's Exhibit 3) The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted), and an applicant's "lack of diligence precludes equity's operation." 544 U.S. at 419. To satisfy the second requirement, Davis must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). See cases collected in *Harper v. Ercole*, 648 F.3d 132, 137 (2nd Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline."). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

Davis asserts entitlement to equitable tolling based on his receiving a belated appeal from the denial of his Rule 3.850 motion for post-conviction relief. The final order denying relief was entered on December 4, 2014. Davis represents that he did not timely receive a copy of the order and argues that during the next sixteen months he exercised due diligence because (1) his counsel failed to respond to his three inquiries about the status of the action, (2) the circuit court ignored a similar inquiry, and (3) he amended his motion for post-conviction relief, which the court, citing to

the earlier order, denied. (Respondent's Exhibits 12 and 13) On June 3, 2015, Davis petitioned for leave to file a belated appeal, which was granted. (Respondent's Exhibits 15 and 16)

As *Espinosa v. Sec'y, Dep't of Corrs.*, 804 F.3d 1137, 1141 (2015) (alterations and emphasis original), explains, a petition for a belated appeal fails to toll the limitation:

> Espinosa's petition for belated appeal is not an "application for State post-conviction or other collateral review with respect to the pertinent judgment," 28 U.S.C. § 2244(d)(2). "[R]eview of a petition for belated appeal does not reach the merits of the anticipated appeal or the validity of the order to be appealed, but instead reviews the grounds for relieving the petitioner of his or her failure to timely seek such an appeal." *Jones v. State,* 922 So. 2d 1088, 1090 (Fla. Dist. Ct. App. 2006). "[I]t challenges events that occur *after* the final order is rendered." *Id.* An appellate court decides that a petitioner is entitled to belated appeal by considering whether his lawyer failed to file a timely appeal upon request, his lawyer misadvised him as to the availability of review, or there were "circumstances unrelated to [his] counsel[ ] . . . that were beyond the petitioner's control and otherwise interfered with the petitioner's ability to file a timely appeal." Fla. R. App. P. 9.141(c)(4)(F). A petitioner seeking belated appeal does not need "to allege that the issues that would be presented on appeal are potentially meritorious." *State v. Trowell,* 739 So. 2d 77, 80 (Fla. 1999). The appellate court considering the petition does not reexamine the underlying judgment or claim, and a ruling on the petition cannot make "amendment[s] or improvement[s]" to the terms of custody. *Kholi,* 131 S. Ct. at 1285 (quoting *Kholi v. Wall,* 582 F.3d 147, 153 (1st Cir. 2009)) (internal quotation mark omitted). Accordingly, a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d).

*Cf. Danny v. Sec'y, Fla. Dep't of Corrs.*, 811 F.3d 1301 (2016) (applying *Espinosa*). This lack of tolling afforded a motion seeking a belated appeal is consistent with state law. "Our reasoning mirrors how a Florida court would treat a petition for a belated direct appeal in determining the timeliness of a state motion for collateral review. That is,

an unsuccessful petition for belated appeal of a criminal conviction, under Florida law, does not toll the limitation period for state collateral review." *Espinosa*, 804 F.3d at 1141.

Unlike in *Espinosa* and *Danny*, Davis was granted a belated appeal. *Rogers v. State*, 146 So. 3d 1263, 1264 (2014), explains that the granting of a belated appeal tolls the state's limitation for filing a motion for post-conviction relief. However, the federal application is untimely even if Davis is afforded equitable tolling for both the time that he was ignorant of the circuit court's order and for the time that the belated appeal was pending.

Davis allowed 186 days to elapse between his conviction's becoming final and his moving for post-conviction relief, 49 days to elapse between his learning about the earlier order that denied his motion for post-conviction relief and his moving for a belated appeal, and 142 days between the conclusion of his appeal and his filing the present application. In total, 377 days elapsed.[2] Finally, waiting to apply under Section 2254 until more than four months after the belated appeal concluded evidences a further lack of due diligence.

Accordingly, the motion to dismiss (Doc. 6) is **GRANTED**. The application for the writ of habeas corpus (Doc.1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Davis and **CLOSE** this case.

---

[2] This computation affords Davis the benefit of tolling from his petition for a belated appeal rather than from the court's authorizing the belated appeal. Although his entitlement to this more generous tolling remains unresolved, the distinction is irrelevant to this application's timeliness.

# DENIAL OF BOTH
# A CERTIFICATE OF APPEALABILITY
# AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Davis is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Davis must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Davis cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Davis is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Davis must pay the full $505 appellate filing fee unless the circuit court allows Davis to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 14, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE